IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD C. LOVING,

Petitioner,

v.                                                                  No. 16-cv-0715-DRH

UNITED STATES OF AMERICA,

Defendant.

MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is before the Court on petitioner Edward C. Loving's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1) and Assistant Federal Public Defender David L. Brengle's motion to Withdraw (Doc. 6). Petitioner was allowed until December 5, 2016 to respond. To date, the petitioner has not responded.

Based on the record and the following, the Court **GRANTS** the motion to withdraw and **DENIES** petitioner's § 2255 motion.

I. BACKGROUND

The defendant pleaded guilty to one count of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (*USA v. Loving*,3:07-cr-30073 Doc. 31).[1] On February 8, 2008, the Court sentenced defendant to a term of 188 months' imprisonment to run concurrent with the

---

[1] Further reference to Loving's criminal docket in this order will include "Cr. Doc." prior to the document number to differentiate from his civil habeas case filings.

terms of imprisonment previously imposed by the United States District Court for the Southern District of Illinois in Docket No. 98-30119-GPM, and by Winnebago County Circuit Court in Docket No. 98-CF-294. (Cr. Doc. 39).

When the defendant was sentenced, he was determined to be a career offender. The defendant's career offender status was based on the defendant having three prior felony convictions, one for robbery and two for the manufacture or delivery of a controlled substance (Cr. Doc. 36). According to his presentence report, petitioner had the following three predicate offense convictions under §4B1.2:

1. On October 9, 1992, Petitioner was convicted of Robbery in St. Clair County case 92-CF-1045 (Cr. Doc. 36, ¶ 40 ).
2. On April 8, 1997, Petitioner was convicted of Unlawful Possession of Cannabis with Intent to Deliver in Madison County case, 97-CF-736 (Cr. Doc. 36, ¶ 47).
3. On February 1, 1998, Petitioner was convicted of Manufacture or Delivery of Cocaine in Winnebago County case 98-CF-294 (Cr. Doc. 36, ¶ 48).

On June 27, 2016, petitioner, proceeding *pro se*, filed the above petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. 1). Petitioner's claims are based upon the U.S. Supreme Court's decision in *Johnson v. U.S.*, 135 S.Ct. 2551 (2015). Pursuant to this Court's Administrative Order 176, Assistant Federal Public Defender David L. Brengle entered his appearance on behalf of

petitioner (Doc. 4). Thereafter, AFPD Brengle filed a motion to withdraw as attorney (Doc. 6). AFPD Brengle states petitioner does not have a valid *Johnson* claim because his predicate offenses are not violent offenses that implicate the ACCA's residual clause or the career offender guideline's residual clause.

## II. DISCUSSION

### a. *Johnson v. United States*

In *Johnson v. United States,* 135 S. Ct. 2551 (2015), the Supreme Court addressed the constitutionality of a certain portion of the Armed Career Criminal Act ("the ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.' " *Id*. at 2555. The statute defines a violent felony as follows: "any crime punishable by imprisonment for a term exceeding one year ... that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [commonly called the "force" clause]; or (ii) is burglary, arson, or extortion, involves use of explosives [commonly called the "enumerated offenses"], or *otherwise involves conduct that presents a serious potential risk of physical injury to another* [commonly called the "residual" clause]." 18 U.S.C. § 924(e)(2)(B) (emphasis added). As noted, the portion of § 924(e)(2)(B)(ii) italicized by the Court is known as the residual clause. In *Johnson,* the Supreme Court held that imposition of an enhanced sentence under the residual clause of the ACCA violates due process because the vagueness of the clause "denies fair notice to defendants and invites

arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. The Supreme Court in *Johnson* did not strike any other provision of the ACCA. *Johnson*, 135 S. Ct. at 2563.

Although *Johnson* involved the residual clause of the ACCA, it also has implications for defendants who received a sentencing adjustment based on a cross reference in U.S.S.G. § 2K2.1 to the residual clause in the career-offender guideline, U.S.S.G. § 4B1.2(a). This is because the career-offender guideline contains an identically worded residual clause, U.S.S.G. § 4B1.2(a)(2). The Seventh Circuit found that under *Johnson*, the residual clause in the career-offender guideline is unconstitutionally vague. See *United States v. Hurlburt*, Nos. 14-3611 & 15-1686 (7th Cir. Aug. 29, 2016).

In summary, *Johnson* held that the imposition of an enhanced sentence under the residual clause of the ACCA is an unconstitutional violation of due process. But, *Johnson* did not invalidate the imposition of an enhanced sentence under other provisions of the ACCA. As mentioned above, the Supreme Court's decision in *Johnson* also invalidates sentencing adjustments under the residual clause of the career-offender guideline following the Seventh Circuit's finding that the residual clause in the career-offender guideline is unconstitutionally vague. *See United States v. Hurlburt*, Nos. 14-3611 & 15-1686 (7th Cir. Aug. 29, 2016).

**b. Application**

Petitioner did not receive a sentencing enhancement under the residual clause of the ACCA in relation to prior convictions for a violent felony. Accordingly, the holding in *Johnson* is not directly applicable.

Additionally, petitioner did not receive a sentencing enhancement under the similarly worded residual clause in the career-offender guideline. U.S.S.G. § 4B1.2(a)(2). Loving's 1993 robbery conviction supplied the first predicate for the career-offender designation (Cr. Doc. 36). His 1997 and 1998 drug convictions supplied the second and third predicates for the career-offender designation (*Id.*). Thus, petitioner's predicate felonies simply do not implicate the residual clause. § 4B1.2(a)(2). Accordingly, the Court denies petitioner's § 2255 motion.

### III. CERTIFICATE OF APPEALABILITY

Having denied petitioner's motion, the Court must grant or deny a certificate of appealability. See Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Petitioner has made no such showing. Further, the Court finds that reasonable jurists could not differ on these conclusions. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c) and, thus, **DENIES** a certificate of appealability.

Pursuant to Rule 11(a), a petitioner may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

## IV. CONCLUSION

For the reasons discussed herein, the Court **GRANTS** the motion to withdraw (Doc. 6) and **DENIES** petitioner's § 2255 motion (Doc. 1). This matter is **DISMISSED with prejudice** and the Court **DIRECTS** the Clerk of Court to enter judgment accordingly. Further, the Court **DENIES** a certificate of appealability. **FURTHER,** the Court **DIRECTS** the Clerk of Court to send a copy of this order to defendant.

**IT IS SO ORDERED.**

Signed this 12th day of December, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.12.12 13:21:37 -06'00'

**United States District Judge**